UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 98-4808

TYRONE CLINT HILL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-54)

Submitted: May 11, 1999

Decided: May 25, 1999

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel J. Meador, Jr., MORIN & BARKLEY, Charlottesville, Vir-
ginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Ray B. Fitzgerald, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone Clint Hill was convicted of distributing crack cocaine and was sentenced to three years probation. A year later, the district court revoked Hill's probation and sentenced him to three years imprisonment. In an order entered before the hearing, the court gave notice that it might impose a sentence in excess of the sentencing range recommended in U.S. Sentencing Guidelines Manual § 7B1.4 (1997). Both in the order and at the revocation hearing, however, the court stated that the issue was whether supervised release should be revoked and the court referred to 18 U.S.C.A. § 3583(e)(3) (West Supp. 1999). Section 3583(e)(3) governs revocation of supervised release, while probation revocation is governed by 18 U.S.C.A. § 3565 (West Supp. 1999). Both parties used the terms probation and supervised release interchangeably at the revocation hearing. On appeal, Hill contests the length of the sentence. While arguing that the sentence was not plainly unreasonable, the government concedes that resentencing is necessary because of the apparent confusion over which statute applied.

Because the parties agree that resentencing is necessary, we vacate the sentence and remand for resentencing without reaching the merits of Hill's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2